

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 15 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| ANNETTE BROWN, | MEMORANDUM |
|---|---|
| Plaintiff, | 09-CV-3282 |
| – against – | |
| STARRETT CITY ASSOCIATES and RUPERT NEWMAN, | |
| Defendants. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

This case presents an interesting issue: is there vicarious liability, under *respondeat superior*, for a private entity based upon an employee's violations of a plaintiff's constitutional rights when the employee is acting as a certified peace officer with the power of a municipal police officer? And, may the employer take advantage of a police officer's defenses and those of a municipality?

## I. Facts and Procedural history

Plaintiff Annette Brown was a resident of Starrett City, a housing development in Brooklyn owned by a private corporation, defendant Starrett City Associates (SCA). SCA operated a private security force of some 150 employees. Its officers were deputized by the New York City Police Department, licensed as security officers, and had the power to make arrests, detain arrestees, and carry guns. *See* N.Y. Gen. Bus. Law § 89-f (McKinney 1998) (requirements for employment of security guards). Plaintiff alleged that an SCA officer, defendant Rupert Newman, falsely arrested her and handcuffed her with excessive force, exacerbating a prior wrist injury.

1



She sued SCA and Newman for false arrest and excessive force under Section 1983, and for false arrest and assault and battery under New York state law. Defendants moved for summary judgment on all claims. Following prevailing law, *see infra*, the court granted SCA's motion as to the direct Section 1983 claims against it and denied the motion. *Brown*, 2011 WL 1897651, *6. The case went to trial on July 5, 2011.

**II.  Simplification of Claims in Jury Charge**

At issue in this factually simple case was a complex array of claims against SCA and Newman. Four claims were brought against the officer: (1) false arrest under Section 1983; (2) false arrest under New York state law; (3) excessive force under Section 1983, for the handcuffing; and (4) assault and battery under New York state law, for the handcuffing. The two state law claims went forward against SCA. The officer claimed the defense of qualified immunity.

Three measures were taken to simplify the jury charge. First, the federal and state law claims were conflated, and the jury was charged only on the federal claims. The elements of false arrest are the same under Section 1983 and New York state law. *Brown*, 2011 WL 1897651, *4 (citing *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)). Excessive force claims under Section 1983 and assault and battery claims under New York law are identical in a case such as this. *Id.* (citing *Humphrey v. Landers*, 344 Fed. Appx. 686, 688 (2d Cir. 2009)).

Second, no distinction was made between the liability of Newman and that of SCA. The officer's acts were indisputably within the scope of his employment, so any liability on his part would have resulted in liability for his employer under general *respondeat superior* law.

2

Third, the qualified immunity defense was eliminated. No officer reasonably could have believed it constitutionally permissible to arrest someone without probable cause or to use excessive force in detaining her. Were qualified immunity in the case, SCA would have benefited. Under plaintiff's theory of the case, SCA was liable only if its named employee was liable.

In sum, only two issues went to the jury: a false arrest claim and an excessive force claim against both defendants.

### III. Vicarious Liability for Section 1983 Violations

Under prevailing law, private entities are not vicariously liable under 42 U.S.C. § 1983 for their employees' violations of plaintiffs' constitutional rights *Id.* (citing *Williams v. City of White Plains*, 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010)). This rule is an extension of *Monell v. Department of Social Services of the City of New York*, in which it was held that a government entity is not vicariously liable under *respondeat superior* for Section 1983 violations of its police officers. *See Williams*, 718 F. Supp. at 381 (citing *Monell*, 436 U.S. 658, 690 (1978)). *Accord* Barbara Kritchevsky, *Civil Rights of Private Entities*, 26 Cardozo L. Rev. 35, 55 (2004). Under *Monell*, government entities are liable only if a Section 1983 violation resulted from an established practice or pattern of the entity. 436 U.S at 690.

Unsound under *Monell* is the prevailing law equating a private employer of police officers with a municipality using a public police force. A private corporation employing people for its own benefit should be liable under *respondeat superior* in the same way it would be liable for the acts of a truck driver who runs into someone while carrying merchandise. The result should be the same under New York law or Section 1983.

3

Cases following *Monell* giving special protection to municipalities by holding them liable only for a practice or pattern of unconstitutional acts were designed to protect these public bodies from the enormous liabilities that might result from the mistakes of police officers or other employees. As a matter of public policy, this theory of protection does not, and should not, apply to a private entity. Private enterprises can obtain insurance, can supervise more closely, and are not entitled to a protection that has the effect of putting at uncompensable risk parties or persons its employees injure improperly.

To the extent that the individual private security officer has the defense of qualified immunity, that defense should carry over to the private employer since its liability is based on its employee's acts. *But see* Kritchevsky, *supra*, at 62 (stating that lower courts have not extended qualified immunity to private employers).

Prevailing rules on vicarious liability and qualified immunity of private employers were not at issue in this case. The employer was, in effect, held liable for Section 1983 claims through its vicarious liability for the equivalent common law torts under New York law. Qualified immunity did not apply because the individual defendant was not entitled to invoke this defense.

## IV. Verdict and Fees

Based upon the simplified charge attached, *see* Appendix, the jury found the defendants not liable for false arrest and liable for excessive force in placing tight handcuffs on plaintiff after she had warned the arresting officer of a preexisting carpal tunnel syndrome. Damages of $500 were awarded.

The question of the amount of plaintiff's legal fees was referred to the magistrate judge. No costs or disbursements were allowed.

4

                                                                         */s/ Jack B. Weinstein*

                                                                         Jack B. Weinstein  
                                                                         Senior United States District Judge

Date:   July 13, 2011  
           Brooklyn, New York

# **APPENDIX**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE BROWN,<br>Plaintiff,<br>– against –<br>STARRETT CITY ASSOCIATES and RUPERT NEWMAN,<br><br>Defendants. | **JURY CHARGE**<br><br>No. 09-CV-3282 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

I. INTRODUCTION ........................................................................................................... 8
II. EVALUATION OF THE EVIDENCE............................................................................ 9
   A. Witnesses: General Principles................................................................................... 9
   B. Out-of-Court Declarations ......................................................................................... 9
   C. Starrett City Security Officers ................................................................................ 10
   D. Medical Evidence.................................................................................................... 10
   E. Stipulations ............................................................................................................. 10
III. BURDEN OF PROOF .................................................................................................. 10
IV. PLAINTIFF'S CLAIMS ................................................................................................ 10
   A. Color of State Law.................................................................................................. 11
   B. Deprivation of a Constitutional Right..................................................................... 11
      1. False Arrest........................................................................................................ 11
      2. Excessive Force ................................................................................................ 13
   C. Proximate Cause ..................................................................................................... 14
V. DAMAGES................................................................................................................... 14
   A. Compensatory Damages ......................................................................................... 15
   B. Nominal Damages................................................................................................... 15
   C. Taxes ....................................................................................................................... 15
VI. CONCLUDING ADVICE ............................................................................................ 16
VII. VERDICT SHEET........................................................................................................ 17

## I. INTRODUCTION

Ladies and Gentlemen of the Jury:

I will instruct you on the law. It is your duty to follow these instructions. You are the sole judges of the facts—not the attorneys and not I.

Read the instructions along with me. You may take them into the jury room.

Decide the case solely on the evidence before you, or lack of evidence, and according to the law.

Communicate with me in writing to ask for any evidence, help on the law, or any other matter. Give your note to the Marshal. You will have a list of documents and materials that were admitted. Ask for any evidence you wish to see. You will have a list of witnesses. Ask for a transcript of any part of the testimony you wish to see. Try to be specific.

Those who took notes can use them and discuss them with other jurors, but they may be inaccurate or incomplete. The actual record will be available.

During the trial, objections were made and rulings made. Draw no inferences from the frequency of objections or from whether objections were sustained or overruled. Where an objection to a question was sustained, disregard the question and draw no inferences from its wording. Where testimony was stricken, disregard it.

On occasion I gave limiting instructions on how evidence could be used. Follow those instructions.

Give the evidence such weight as you think it deserves. Analyze the evidence dispassionately and rationally and without prejudice or emotion. No party is entitled to any sympathy or favor.

## II. EVALUATION OF THE EVIDENCE

You may draw reasonable inferences from the evidence. Testimony from the witnesses and exhibits are evidence. A lawyer's questions without an answer, arguments, and opening and closing statements are not evidence. Analyze the evidence dispassionately and without prejudice or emotion.

### A. Witnesses: General Principles

Decide which testimony to believe and which testimony not to believe. Consider each witness's demeanor and manner of testifying; his or her opportunity to see, hear, and know about the events he or she described; his or her ability to recall and describe those things; the reasonableness of the testimony in light of all the other evidence in the case; the interest of a witness in the outcome of the trial; and whether part of a witness's testimony was contradicted or supported by other testimony, by what that witness said or did on a prior occasion, and by the testimony of other witnesses or by other evidence.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the testimony, or you may accept as much of it as you find true, disregarding what you find false. A witness may have been mistaken or may have lied with respect to part of his or her testimony while having been accurate with respect to other parts.

Attorneys are expected to interview witnesses outside of court to prepare for trial.

### B. Out-of-Court Declarations

You have heard evidence concerning what people outside the courtroom have said. You may consider these statements as evidence. In evaluating their probative force, remember that

the declarants were not cross-examined before you when they spoke. Apply the same credibility tests that you apply with respect to testimony.

### C. Starrett City Security Officers

You have heard the testimony of security officers employed by Starrett City Associates ("Starrett City"), a private corporation. As to this arrest, you must assume that they were entitled to act in the same capacity, with all the rights, duties, and responsibilities of New York City police officers.

Consider the testimony of these officers as you would any other evidence in the case.

### D. Medical Evidence

You have seen medical records and heard testimony from a physician. Give this evidence the weight you find appropriate based on such matters as scientific qualifications and credibility.

### E. Stipulations

Accept matters stipulated as true.

## III. BURDEN OF PROOF

The burden of proof is on the plaintiff. Meeting this burden requires a fact to be shown to be more probably true than not. If the probabilities are evenly balanced, the plaintiff has failed to meet the burden with respect to that fact. In deciding whether the burden of proof has been met you may use any evidence before you, no matter which party introduced it.

## IV. PLAINTIFF'S CLAIMS

Plaintiff Annette Brown brings claims under Section 1983 of Title 42 of the United States Code against one of Starrett City's security officers, Rupert Newman. If Newman is liable, since

he was acting as an employee of Starrett City, both are liable. If Newman is not liable, neither is Starrett City. I will refer to the two as the defendants.

Section 1983 provides a remedy for individuals who have been deprived of their constitutional rights under color of law. It states:

> Every person who, under color of any [state law] . . . subjects any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution, shall be liable to the party injured[.]

The plaintiff must prove:

**First,** that the conduct complained of was committed by a person acting under color of state law;

**Second,** that this conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution, and

**Third,** that the defendant's acts were a proximate cause of damages sustained by the plaintiff.

I will now discuss each of the three elements in greater detail.

### A. Color of State Law

Defendant Newman was acting under color of state law, with the same statutory authority and responsibilities as a New York City police officer.

### B. Deprivation of a Constitutional Right

#### 1. False Arrest

Plaintiff Brown claims that defendant Newman falsely arrested her on July 30, 2008.

A person is falsely arrested if she is arrested without probable cause. Probable cause to arrest exists when an officer has knowledge or reasonably trustworthy information sufficient to

11

convince a person of reasonable caution to believe that a crime has been committed by the person arrested. The test is based on objective information available to the officers.

Defendants contend that there was probable cause to arrest the plaintiff for disorderly conduct or obstruction of the administration of law. The plaintiff contends there was no probable cause to arrest her for these or any other crimes.

A person is guilty of disorderly conduct when,

> with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [she] engages in fighting or in violent, tumultuous or threatening behavior; or . . makes unreasonable noise; or . . . [i]n a public place . . . uses abusive or obscene language, or makes an obscene gesture; or . . . congregates with other persons in a public place and refuses to comply with a lawful order . . . to disperse[.]

N.Y. Penal Law § 240.20.

A person is guilty of obstruction of the administration of law when she:

> intentionally obstructs [or] impairs . . . the administration of law . . . or prevents or attempts to prevent a [security officer] from performing [his] function, by means of intimidation, physical force or interference, or by means of any independently unlawful act[.]

N.Y. Penal Law § 195.05.

If probable cause existed for an officer's belief that these, or any other crimes or criminal offenses had been committed by the plaintiff, then the arrest was reasonable.

The existence of probable cause is measured at the moment of arrest. Whether charges were dropped, or whether the plaintiff was acquitted or convicted of a crime, is irrelevant in this case.

12

The failure of an officer to make a further inquiry before making the arrest, when a reasonable person would have done so, may, but does not necessarily, show lack of probable cause. An officer is not required to conduct a full investigation prior to executing an arrest. But he may not ignore relevant evidence he is aware of, or deliberately disregard facts he is aware of tending to rebut probable cause to arrest.

### 2. Excessive Force

Plaintiff claims that Newman used excessive force in handcuffing and keeping her handcuffed during and after her arrest.

A person has a right not to be subjected to unreasonable or excessive force while being arrested or detained. An officer is entitled to use such force as a reasonable officer would think is required to take and hold someone in custody. He may not intentionally inflict pain or intentionally punish the person being arrested.

The law allows the use of force that is objectively reasonable under the circumstances. Objectively reasonable means that a reasonable person in the officer's position would think the use of that force was appropriate.

In determining what was reasonable, all of the circumstances under which the physical force was used should be considered. These circumstances may include the necessity of handcuffing the plaintiff; the tightness of the handcuffs; whether Newman ignored any complaints the plaintiff made; and the degree of injury, if any, to the plaintiff as a result of the handcuffing.

To find for the plaintiff, you must decide that Newman participated in the use of greater force on the plaintiff than a reasonably prudent officer would have believed was reasonably necessary under the circumstances.

If Newman intentionally handcuffed plaintiff more tightly than was reasonably necessary, or if he kept her handcuffed for an excessively long period in order to punish or injure her, the force he used was excessive.

### C. Proximate Cause

The third element that plaintiff must prove is that Newman's acts were a proximate cause of injuries sustained by the plaintiff.

There can be more than one proximate cause. An injury or damage is proximately caused by an act or failure to act whenever the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that injury was the direct or a reasonably probable consequence of the act or omission. To recover damages, plaintiff has the burden of proving that she suffered an injury and that the injury would not have occurred without the conduct of the defendant.

## V. DAMAGES

If the plaintiff has proven liability on a claim, you must determine the damages to which she is entitled for that claim. You should not infer that she is entitled to recover damages merely because I am instructing you on this issue. It is exclusively your function to decide upon liability.

### A. **Compensatory Damages**

If liability on a claim is proven, you must award the plaintiff sufficient damages against the defendants to compensate her for any injury proximately caused by Newman's actions which created the liability. These damages are known as "compensatory damages." Their purpose is to make a plaintiff whole.

The damages you award, if any, should be fair and reasonable, neither inadequate nor excessive. You should award damages only for injuries the plaintiff has suffered or is reasonably likely to suffer as a proximate result of the claim.

In awarding damages, you must be guided by dispassionate common sense. Use as much definiteness and accuracy as the circumstances permit.

### B. **Nominal Damages**

If you find that Newman violated one of plaintiff's rights, but that she suffered no physical, emotional, or financial injury as a result of this violation, you may award her one dollar as "nominal damages" for that violation.

You may not award both nominal and compensatory damages for the violation of a right. Either the plaintiff was injured due to a violation of her right, in which case you must award compensatory damages, or she was not, in which case you may award nominal damages.

### C. **Taxes**

If you reach a verdict of damages in favor of the plaintiff, do not increase the sum of money for federal or state income tax. Awards of damages are not subject to tax.

15

## VI.  CONCLUDING ADVICE

You are not to discuss the case with anyone outside the jury room. If you need to communicate with me, you will do so in writing, through the Marshal. Do not, until the final verdict, give a numerical count of where the jury stands.

During your deliberations, you must not communicate with or provide any information to anyone outside the jury room, by any means, about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Each of you is entitled to your own opinion, but you should consider each other's opinions carefully. If you are convinced that your own opinion is wrong, do not hesitate to change your opinion.

Be respectful and courteous in your discussions.

Decide the case fairly and in accordance with the evidence and the law. Try to achieve unanimity, but do not abandon your individual responsibility to decide in a way you believe appropriate.

You must all agree on any verdict. Your verdict will be in the form of answers to the questions on the verdict sheet. The answer to each question must be unanimous. When you have reached a full verdict inform me by note.

## VII. VERDICT SHEET

**False Arrest:**

        a. Proved: _____

        b. Not Proved: _____

        c. Damages: _____

**Excessive Force:**

        a. Proved: _____

        b. Not Proved: _____

        c. Damages: _____

**Foreperson:**

_____

(Signature)